CL

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| eCAST SETTLEMENT CORPORATION, : <br> : <br> Appellant, : <br> : <br> v. : <br> : <br> JANEIDE ALANE MATTHEWS-ORR and : <br> KEVIN HAROLD CHILLIS, : <br> : <br> Appellees. : <br>_____: <br> : <br> In re: : <br> : <br> JANEIDE ALANE MATTHEWS-ORR and : <br> KEVIN HAROLD CHILLIS, : <br> : <br> Debtors. : <br>_____: | Civ. A. No. 07-4386 (SRC) <br><br> **OPINION** |

**Chesler, U.S.D.J.**

This matter comes before the Court on the appeal filed by eCast Settlement Corporation ("eCast") of the order issued by the bankruptcy court expunging eCast's proof of claim for pre-petition charges to a credit card issued to Debtor Kevin Harold Chillis. The Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158. The Court has considered the submissions of the parties in support of and in opposition to this appeal, and pursuant to Federal

Rule of Civil Procedure 78, adjudicates the appeal on the papers submitted. As discussed more fully below, the Court finds that the bankruptcy court erred as a matter of law in expunging eCast's claim. Therefore, the Court reverses the decision and remands the issue to the bankruptcy court with the instruction that eCast's claim be reinstated.

**I. Background**

This appeal stems from a volunteer petition for bankruptcy pursuant to Chapter 13, Title 11 of the United States Bankruptcy Code filed by Debtors Janeide Alane Matthews-Orr and Kevin Harold Chillis on January 18, 2007. (Record on appeal at 1 ("R at 1")). On March 26, 2007, eCast, successor to HILCO Receivables, LLC, which is the assignee of Providian Bank ("Providian"), timely filed a general unsecured claim in the amount of $26,897.82, for the unpaid, pre-petition charges to a credit card issued to Debtor Chillis. (R at 52).

On November 12, 2004, an arbitrator with the Dispute Resolution Arbitration Group ("DRAG") issued an arbitration award in favor of Debtor Chillis. The proposed award, adopted in full as the final award, states that "DRAG has established jurisdiction in th[e] matter," and explains that the arbitrator "deem[ed] the pre-selection of the arbitration forum designated by [Providian] unconscionable and order[ed] said clause to be severed from the card member agreement." (R at 67). The award granted Debtor $24,210, the total value of the credit limit on the disputed credit account, and ordered Providian to notify all credit reporting bureaus that the account is closed, "Paid as Agreed," and required Providian to request that any negative or derogatory marks regarding the account be removed. The award also ordered that Providian pay Debtor $72,630 in damages and $250 for attorneys' fees and costs. (R at 67).

On May 24, 2007, Debtors filed a motion to expunge eCast's claim, identified as Claim Number 10 on the bankruptcy court's claim register.[1] (R at 54-57). Debtor Chillis submitted a certification in support of the motion stating that before he filed the bankruptcy petition, eCast's debts had been expunged through arbitration. (R at 57). Debtor Chillis also submitted the November 12, 2004 arbitration award issued by DRAG.

eCast submitted opposition to the motion arguing the arbitration award was invalid and unenforceable. (R at 70-74). eCast asserted that Providian, owner of the debt at the time of arbitration, did not participate in the arbitration because the arbitration did not conform with the arbitration agreement between the parties. eCast argued that the arbitration agreement identified three arbitrators that the parties had agreed to use and DRAG, the arbitration group selected by Debtor, was "at no time . . . included as an agreed upon Arbitrator for Providian accounts." (R at 72:9-10).

On June 25, 2007, the bankruptcy court heard oral argument and granted Debtor's motion to expunge eCast's claim. (R at 81-85). Counsel for eCast did not appear.[2] (R at 84). At oral argument, Debtor's counsel advised the bankruptcy court that "there was never any objection to the arbitration prior to the filing of the petition by Providian." (R at 84:9-10). The bankruptcy

---

[1] eCast is also the creditor identified on Claim Number 13 on the Claim Register. eCast mentions Claim Number 13 in its brief submitted to the bankruptcy court in opposition to the motion to expunge. However, at issue in this appeal is only the expungement of Claim Number 10, therefore, the Court need not discuss Claim Number 13.

[2] eCast states in its brief that its attorney appeared for oral argument at the scheduled time. When Debtor's counsel did not appear at the scheduled time, counsel for eCast left without notifying the bankruptcy court. The bankruptcy court heard oral argument at some point after the originally scheduled time and after eCast's attorney had left the courthouse. (Appellant's Br. at 4, n.1; R-97).

court explained that the record did not make clear whether Providian had objected to or participated in the arbitration proceeding. (R. at 84:1-18). Nevertheless, the bankruptcy court held that:

> [a] requirement [in an arbitration agreement] that the parties use . . . an accredited arbitrator makes sense to me. But it appears that [DRAG] was [an accredited arbitrator]. The requirement that you use specific providers is, I think, a little over the top. And then to complain when, in fact, the specific provider was used but it has now been deleted from their list of authorized arbitrators without apparently any notice to the account holder, well, at best it's borderline silly. . . . [A]s long as [the arbitrator is] an approved authorized accredited arbitrator . . . the future requirement that it be a particular one . . . [is] unconscionable.

(R. at 85:4-16). The bankruptcy court then granted Debtor's motion to expunge. (R. at 85 ¶ 16-17).

At the parties' request, the bankruptcy court scheduled another hearing to provide eCast opportunity to present oral argument. (R. at 97). In advance of the second hearing, eCast submitted a supplemental brief arguing that it is not unconscionable to limit the choice of arbitrators in an arbitration agreement. In support of its argument, eCast relied on a case in which the United States District Court for the District of Nevada issued a preliminary injunction precluding DRAG and three other arbitrators from conducting any arbitration proceedings with the parties to that matter because the arbitration agreement required the use of one of three arbitrators identified in the agreement. (R. at 87-94) (citing *Chase Bank USA, N.A. v. Dispute Resolution Arbitration Group, et al.*, No. 02:05-CV-1208, 2006 U.S. Dist. LEXIS 43130 (D. Nev. June 9, 2006)).

On July 2, 2007, the parties appeared for the second argument. (R. at 96-102). Debtor's counsel noted that eCast had not yet produced a copy of the cardholder agreement, which includes the arbitration agreement. (R. at 97:11-13). eCast requested the bankruptcy court

adjourn the motion to provide additional time to obtain a copy of the cardholder agreement. (R. at 99:19-25).

The bankruptcy court explained that the outcome of the motion was dependant on review of the cardholder agreement. (R. at 100:6). At that time, eCast had only provided a statement of facts signed by Robert Johnson, eCast's attorney. (R. at 100:6-8). The bankruptcy court noted that it did not "even have a certification from anybody at Providian" setting forth the terms of the cardholder agreement. (R. at ¶ 6-8). The bankruptcy court granted eCast's request for additional time to produce evidence of the terms of the cardholder agreement and advised eCast's counsel not to return without "the necessary documentation to support [its] position." (R. at 101:6-20).

On July 23, 2007, the parties appeared for the third time. (R. at 106-109). In support of its position, eCast submitted an affidavit of Richard Rantz, Project Manager Associate at Wahington Mutual Bank, successor in interest to Providian National Bank entitled: "Affidavit of Washington Mutual Bank in Support of Claim Number 10." In the Affidavit, Rantz identified Debtor Chillis's account number and stated that "Providian did not participate in the Arbitration and would not participate because Providian did not agree to the use of this Arbitrator." (R. at 104-105). Rantz further explained:

> In March 2001 a change in terms insert was sent with the billing statement for the Account adding an Arbitration Provision to the existing account agreement. The change in terms lists three administrators that Providian would agree to work with: National Arbitration Forum, American Arbitration Association, or JAMS. At no time did Providian agree to use Dispute Resolution Arbitration Group.

(R. at 105, ¶ 4). eCast did not attach a copy of the change of terms insert.

At oral argument, the bankruptcy court found Rantz's affidavit insufficient because eCast had failed to provide the cardholder agreement or the 2001 change in terms document to support

-5-

Rantz's statements. (R. at 107). eCast reported that it would not "be able to provide any additional documentation." (R. at 108:4). eCast asked the bankruptcy court to consider the statement in the arbitration award issued by DRAG finding the arbitrator selection clause void and striking that clause from the agreement as evidence that such language was present in the cardholder agreement. (R. at 108:13). The bankruptcy court refused to do so.

Therefore, the bankruptcy court held that because eCast did not provide sufficient evidence to demonstrate that the cardholder agreement limited the arbitrators to three companies, not including DRAG, it denied eCast's request to void the arbitration award and granted Debtor's motion to expunge Claim Number 10.

eCast now appeals that order. At issue is whether the bankruptcy court erred in recognizing the arbitration award as valid and granting the motion to expunge the claim.

## II. Discussion

First, because this is an appeal of an order from a bankruptcy court, the Court must review the bankruptcy court's "legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re American Pad & Paper Co.*, 478 F.3d 546, 551 (3d Cir. 2007). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co*., 333 U.S. 364, 395 (1948).

In a bankruptcy proceeding, a properly filed proof of claim is considered "prima facie evidence of the validity and the amount of the claim." Fed. R. Bankr. P. 3001 (f). If a party in

interest objects to the claim, the burden "shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. It is often said that the objector must produce evidence equal in force to the prima facie case." *In re Allegheny Intern., Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). If the objector is able to present evidence sufficient to defeat the validity of the claim, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Id.* at 174. Ultimately, "[t]he burden of persuasion is always on the claimant." *Id.* (citing *In re Holm*, 931 F.2d 620, 623 (9th Cir.1991) and 3 L. King, COLLIER ON BANKRUPTCY § 502.02, at 502-22 (15th ed. 1991)).

In the bankruptcy proceeding underlying this appeal, eCast submitted a properly filed proof of claim, and therefore established prima facie evidence of the validity of the claim. Debtor objected to the claim submitted by eCast and presented the arbitration award issued by DRAG as evidence that the debt had been voided. The bankruptcy court rejected eCast's argument that it had not agreed to submit the issue to DRAG and that the arbitration agreement provided three other arbitrators from which Debtor could have selected. The bankruptcy court held that a preselection clause is "unconscionable" and found the arbitration award constituted sufficient evidence to defeat the prima facie validity of the claim.

In the second and third hearings on this issue, the bankruptcy court provided eCast opportunity to challenge the arbitration award and prove the validity of its claim. eCast argued the arbitration award was invalid because it never agreed to submit the dispute to DRAG for arbitration. As evidence, eCast pointed to the arbitration award itself, which finds the pre-selection of the arbitration forum in the arbitration agreement "unconscionable" and severs that provision from the cardholder agreement. eCast also submitted an affidavit of Richard Rantz,

stating that Providian did not agree to submit the arbitration to DRAG and therefore Providian did not participate in the arbitration. Rantz further explained that the 2001 change in terms insert identified three administrators that Providian would agree to work with: National Arbitration Forum, American Arbitration Association, or JAMS, noting that Providian had never agreed to work with DRAG.  However, because eCast did not produce the cardholder agreement or the 2001 change in terms insert that limited the arbitrators to whom it agreed to submit disputes, the bankruptcy court held that eCast was not able to overcome the evidence indicating that the matter had been resolved through arbitration and to prove the validity of its claim.

        The Court notes that the prima facie evidence of the claim itself is uncontested. Therefore, at issue in this appeal is whether Debtors met their burden to produce evidence sufficient to negate the prima facie validity of the filed claim, and if so, whether eCast has presented evidence sufficient to overcome the evidence presented by Debtors and prove the validity of its claim.  See *In re Allegheny Intern., Inc.*, 954 F.2d 173-74.

        On appeal, eCast argues the bankruptcy court improperly considered the arbitration award when it granted the motion to expunge the claim because eCast never agreed to submit the issue to DRAG for arbitration.  eCast contends, as it did before the bankruptcy court, that the arbitration agreement set forth three arbitrators to which eCast agreed to submit any disputes, among which Debtor could chose.  Because DRAG was not one of the three pre-selected arbitrators, and eCast never agreed to submit the issue to DRAG, eCast contends the arbitration award is invalid.  Debtors contend that the bankruptcy court correctly found that the arbitration award constituted evidence sufficient to overcome the prima facie validity of the claim and that eCast failed to present evidence sufficient to sustain its claim.

It is clear that "'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 82 (2002) (quoting *Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)). Moreover, "[t]he power and authority of arbitrators in an arbitration proceeding is dependent on the provisions under which the arbitrators were appointed." *Szuts v. Dean Witter Reynolds, Inc.*, 931 F.2d 830, 831 (11th Cir.1991). Parties to an arbitration agreement may determine by contract the method for appointment of arbitrators. As Judge Posner has explained: "Selection of the decision maker by or with the consent of the parties is the cornerstone of the arbitral process." *Lefkovitz v. Wagner*, 395 F.3d 773, 780 (7th Cir. 2005). Therefore, "'[a]rbitration awards made by arbitrators not appointed under the method provided in the parties' contract must be vacated.'" *Brook v. Peak Intern., Ltd.*, 294 F.3d 668, 673 (5th Cir. 2002) *(quoting Cargill Rice, Inc. v. Empresa Nicaraguense Dealimentos Basicos*, 25 F.3d 223, 226 (4th Cir.1994)); *see also Avis Rent A Car Sys., Inc. v. Garage Emp. Union, Local 272*, 791 F.2d 22, 25 (2d Cir.1986) ( "Courts generally enforce [selection clauses] strictly, vacating awards entered by arbitrators whose qualifications or method of appointment fail to conform to arbitration clauses."); *R.J. O'Brien & Assoc., Inc. v. Pipkin*, 64 F.3d 257, 263 (7th Cir.1995) ("[I]n order to enforce an arbitration award, the arbitrator must be chosen in conformance with the procedure specified in the parties' agreement to arbitrate.").

Although eCast has not provided a copy of the cardholder agreement or the 2001 change of terms insert identifying the arbitrators to whom it agreed to submit any disputes, the arbitration award itself indicates that eCast did not agree to submit the dispute to DRAG. The award states: "this Arbitration deems the pre-selection forum designated by Respondent unconscionable and

orders said clause to be severed from the card member agreement." (R. at 67). Because the award indicates that eCast did not agree to submit the issue to DRAG, and that DRAG was not appointed under the method provided in the parties' contract, the award must be vacated. In other words, because the arbitration award is clearly invalid, it does not constitute sufficient evidence to overcome the prima facie validity of the claim.

Even if a court did find the arbitration award sufficient to shift the burden back to eCast to prove the validity of its claim, eCast provided further evidence that it did not agree to submit the dispute to DRAG for arbitration. eCast presented an affidavit from Richard Rantz, Project Manager Associate at Washington Mutual Bank, the successor in interest to Providian Bank, which states that "Providian did not participate in the Arbitration and would not participate because Providian did not agree to the use of this Arbitrator." (R. at 104-105).

Moreover, as noted by the bankruptcy court, neither the arbitration award nor the submissions of Debtor indicate whether Providian objected to or participated in the arbitration. There is no evidence that Providian presented any evidence or arguments to the arbitrator. The award states merely that the parties agreed to resolve any disputes through arbitration, and that "each Party had opportunity to present evidence and arguments to DRAG." The award states that Debtor Chillis submitted the matter to DRAG, and the award itself appears to be a proposed award submitted by Debtor Chillis and adopted in whole by the arbitrator.

Rantz also asserts that Providian sent Debtor a change in terms notice in March 2001, which added an arbitration provision was to the account agreement and listed three administrators that Providian would agree to work with: National Arbitration Forum, American Arbitration Association, or JAMS. (R. at 105, ¶ 4). Although this does not prove that Providian

did not agree to submit the dispute to DRAG, it does constitute further evidence that Providian never agreed to submit the matter to DRAG.

   The Court further notes that when an arbitration award is presented as evidence of res judicata, it typically must be pleaded and proved.  Rule 8 of the Federal Rule of Civil Procedure identifies arbitration and award as an affirmative defense that must be pleaded, and ultimately proved, by the party asserting the defense.  Fed. R. Civ. P. 8.  In this case, because the arbitration award was presented as evidence to contest a proof of claim, Debtor did not have to plead the arbitration and award as an affirmative defense.  However, in a case such as this one, the filing of the objection to the proof of claim in the bankruptcy court "creates a dispute which is a contested matter" within the meaning of Bankruptcy Rule 9014.  *See* Adv. Comm. Notes to Fed. R. Bankr. P. 9014.  At "any stage in a [contested] matter," the Court may "direct that one or more" of the Federal Rules of Civil Procedure, as incorporated in the Section VII of the Bankruptcy Rules "shall apply," including those not otherwise listed in  Bankruptcy Rule 9014.  Fed. R. Bankr. P. 9014.  The Bankruptcy Rules incorporate Rule 8 of the Federal Rule of Civil Procedure.  Fed. R. Bankr. P. 7008.  Although neither this Court nor the bankruptcy court required Debtor to plead and prove the arbitration award as an affirmative defense, the Court finds that the arbitration award presented by Debtor Chillis in this case, which is not confirmed by a court, simply does not overcome the prima facie validity of eCast's proof of claim.

   In short, the arbitration award presented by Debtor does not constitute evidence sufficient to negate the prima facie validity of eCast's claim.  The additional evidence submitted by eCast further demonstrates that Providian never agreed to submit the matter to arbitration before DRAG and that the arbitration award is invalid.  Because eCast presented evidence sufficient to

support the validity of its claim, the bankruptcy court erred when it granted the motion to expunge the claim.

**III.  Conclusion**

For the reasons set forth above, the Court finds that the bankruptcy court erred as a matter of law in expunging eCast's claim.  Therefore, the Court reverses the decision and remands the issue to the bankruptcy court with the instruction that eCast's claim be reinstated.

       s/ Stanley R. Chesler
Stanley R. Chesler,
United States District Judge

Dated: June 6, 2008